**In re the MARRIAGE of Helen and Paul DOPUCH.**

**Helen DOPUCH, Appellant,**

v.

**Paul DOPUCH, Respondent.**

**No. 40379.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 3, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Steven G. Schumaier, Taylor, Schumaier & Suddarth, Clayton, for appellant.

Nicholas J. Riggio, Sr., St. Louis, for respondent.

---

GUNN, Judge.

The appellant-wife's only complaint in her appeal in this dissolution of marriage proceeding goes to the trial court's order directing her to pay the respondent-husband $14,500 for his interest in the parties' marital property. The decree granted the wife approximately 94% of the marital property including the family home. But she was required by the decree to pay the husband $14,500 from this share of the marital property reducing her share to about 66% of the total marital assets. We find no error in the trial court's award and affirm.

There were no minor children of the marriage, and the only issues before the trial court were maintenance, attorneys' fees and the division of marital property. Neither party was awarded maintenance or attorneys' fees. Marital assets given to the wife consisted of a $55,000 mortgage free family home encumbered with a $3,515 tax lien and $1,552 in home furnishings. The husband's award of marital assets consisted of two old model cars valued at $650, $300 in stock, a one-half interest in a defunct partnership valued at $2,050 and the $14,500 judgment in favor of the husband against the wife as a division of the marital property. The wife had annual earnings from employment of approximately $14,400 and an annual bonus of about $700. The husband's income was negligible—about $100 per month, and he had savings of about $1,200.

■ The wife complains that considering her economic circumstances it is impossible for her to satisfy the $14,500 judgment against her because she lacks the requisite financial resources to make the payment. Thus, says the wife, the trial court's order is unprecedented. But we do not find the wife's plight insuperable, particularly as she lives alone and does not have the responsibility of caring for minor children. The wife's contention of the impossibility of compliance with the award is based on her mistaken assumption that by awarding her

the family home the trial court found that she must continue living in it. But it is the obligation of the parties to decide in what manner they wish to live with the property they have received from an "ordered division." It is the trial court's duty to make a just division of the property. *McCall v. McCall,* 574 S.W.2d 496 (Mo.App.1978). If the wife can secure a more economically feasible method of providing a living, the real estate can be sold, *In re Marriage of Heddy,* 535 S.W.2d 278 (Mo.App.1976), or she may consider the alternative of assuming a loan to pay the award and live on a smaller budget. *See: C__ L__ R__ v. L__ B__ R__,* 555 S.W.2d 372 (Mo.App.1977).[1]

■ The division of marital property is a matter resting within the trial court's substantial discretion. *Thompson v. Thompson,* No. 39395 (Mo.App.E.D. May 22, 1979); *In re Marriage of Fehr,* 573 S.W.2d 695 (Mo.App.1978). We have considered all the factors of § 452.330, RSMo Supp.1973, including evidence of the husband's marital misconduct, and find no abuse of discretion in the trial court's judgment. The judgment of the trial court is supported substantial evidence and is not against the weight of the evidence, nor does any error of law appear. An extended opinion would have no precedential value, and we affirm the judgment in accordance with Rule 84.16(b). *Dickerson v. Dickerson,* 576 S.W.2d 567 (Mo.App.1979); *Eden v. Eden,* 558 S.W.2d 394 (Mo.App.1977).

We do not perceive appellant's appeal so frivolous as to require the award of damages requested by the husband, and that request is denied. *See: Means v. Sears, Roebuck & Co.,* 550 S.W.2d 780 (Mo. banc 1977); *Surber v. Surber,* 556 S.W.2d 54 (Mo.App.1977); *Hoog v. Hoog,* 545 S.W.2d 303 (Mo.App.1976); *Brooks v. General Motors Assembly Division,* 527 S.W.2d 50 (Mo.App. 1975).

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.

---

1. *Halbrook v. Halbrook,* 557 S.W.2d 45 (Mo. App.1977), relied on by the wife as entitling her to more assets is inapplicable, for in *Halbrook* the wife earned substantially less than the husband and his future needs were already provided for through an ample pension plan.