**In re the MARRIAGE of Robert A. KUEBER, Petitioner-Appellant,**

**and**

**Marla A. Kueber, Respondent-Respondent.**

**No. 11177.**

Missouri Court of Appeals, Southern District, Division Four.

May 12, 1980.

Leonard J. Frankel, Wolff, Frankel & Passanante, Clayton, for petitioner-appellant.

H. Lynn Henry, Henry, Henry & Henry, West Plains, for respondent-respondent.

MAUS, Presiding Judge.

The parties to this dissolution action were married in Illinois in January, 1959. Soon thereafter they moved to the state of Washington where they resided until May, 1968. At that time they moved to a farm of approximately 198 acres in Howell County, Missouri, where they resided until their final separation on May 31, 1977. There were three children born of the marriage. The eldest was married and emancipated. Upon the separation the wife and two younger children, then 16 and 13 years old, moved to Oklahoma. The husband continued to live on the farm. The trial court dissolved the marriage, placed the two unemancipated children in the custody of the wife with defined visitation for the husband, awarded the wife child support of $12.50 per month per child and divided the marital property. The husband appeals contending the trial court erred in the disposition of the marital property.

The consideration of this appeal by this court is governed by well-defined rules. Neither party requested a statement of the grounds for the decision or findings of fact. "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." V.A.M.R. Civil Rule 73.01(b). The trial court's judgment is to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it wrongly declares or applies the law. *In re Marriage of Strelow*, 581 S.W.2d 426 (Mo.App.1979). A judgment is to be set aside because it is against the evidence "with caution and with a firm belief that the decree or judgment is wrong". *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The case is also to be reviewed with the realization "[t]he division of marital property is a matter resting within the trial court's substantial discretion", *In re Marriage of Dopuch*, 587 S.W.2d 297, 298 (Mo.App.1979), and is to be set aside only if there has been an abuse of that discretion. *In re Marriage of Strelow*, supra.

At the time of the hearing the following is a summary of the marital property. A 160 acre farm, 35 sheep, 8 dairy cows, 1 bull, 2 yearling heifers, 4 calves, a truck, a tractor and farm machinery, equipment for television repair, household goods and miscellaneous items associated with a farm home. After their original purchase, the parties sold 40 acres, but purchased 1½ acres, resulting in a farm of 160 acres, which was divided by a blacktop road. One 80-acre tract was mostly cleared, contained valley land, was in good pasture and was improved by the home and outbuildings. The other 80-acre tract was primarily wooded and was improved by a dilapidated school and a well. The wife valued the farm at $85,000. The husband's estimate was $45,000 to $50,000. A realtor valued the improved 80 at $55,000, the unimproved 80 at $35,000 and the farm offered as a whole at $75,000. The trial court found the value of the farm was $70,000. That valuation is within the range of the testimony and is supported by the evidence. The trial court found certain items of household furnishings to be the separate property of the wife. The value of the marital personal property was determined to be $9,000, which was also supported by the evidence.

While there was evidence of funds advanced for family use by relatives of each party, the only indebtedness determined to exist was $4,036.15 secured by a lien on the farm. In disposing of the property, the trial court set off to the wife her separate property and declared the farm and remaining personal property to be the separate property of the husband. It was further adjudged that the husband pay the wife $41,250 which was declared to be a special lien upon the farm.

■ The husband's sole point on appeal is that the trial court erred in the division by giving the wife the special lien for the reason the award is contrary to § 452.330, RSMo, in that it requires the husband to liquidate his sole means of livelihood. The husband has presented several arguments to support this point. He first seems to object to the propriety of the division by awarding property to one spouse and completing a division by directing a payment to the other. However, " 'the power given the trial court by § 452.330 (par. 1) to 'divide the marital property' includes the powers necessary to render effective the power to divide . . .' ", *Corder v. Corder*, 546 S.W.2d 798, 806 (Mo.App.1977), and this procedure has been approved many times. *In re Marriage of Strelow*, supra; *Claunch v. Claunch*, 525 S.W.2d 788 (Mo.App.1975).

■ The husband also presents a contention the award to the wife should be reduced. Section 452.330 commands the trial court to "divide the marital property in such proportions as the court deems just . . .". This direction is that "a just division of marital property should take precedence over an equal division of marital property". *D____ L____ L____ v. M____ O____ L____*, 574 S.W.2d 481, 486 (Mo.App.1978). In reaching that just division the trial court is to consider all relevant factors including four specifically mentioned factors, § 452.330. Two of those mentioned factors are particularly applicable to this case.

The first is "[t]he contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as a homemaker". § 452.330(1). The employment record of the parties during their nine years in Washington is not clear. The husband had rheumatic fever and was disabled for a time. But, the wife's testimony the husband worked two years and she worked one year was not controverted. The employment history in Missouri is more clear. The husband was able to work, but his only attempt to "work out" was as a self-employed television repairman. He admits at this attempt he made but little money and the wife stated it was a loss. Otherwise, the husband engaged in farming, apparently sheep and cattle and occasionally in logging on the farm and gardening. He estimated his annual income at $2,000, at least a part of which was spent for cattle, fencing and other expenses. On the other hand the wife was continuously employed as a school bus driver. Her salary before she left was $355 per month. These earnings were supplemented by food stamps and assistance from the families of the parties. There was substantial evidence from which the trial court could have found the husband, as his sole occupation, did what husbands in similar circumstances do in addition to their regular employment to supplement their income and enjoy the benefits of farm life; and that the wife by her earnings and contribution as a homemaker contributed far more to the marital property than the husband. *In re Marriage of Strelow*, supra.

■ The second factor particularly applicable is that of fault. *D____ L____ L____ v. M____ O____ L____*, supra. While the wife was not without blemish, there was evidence from which the trial court could have concluded that over the years the wife had been subjected to episodes of verbal and physical abuse. In addition, there was evidence of misconduct toward the family that alone would justify an award of far greater proportion to the wife. *D____ L____ L____ v. M____ O____ L____*, supra; *In re Marriage of Cornell*, 550 S.W.2d 823 (Mo. App.1977).

The division of the marital property, the amount of the award, was within the sound discretion of the trial court. By calculation, it may be assumed the division was reached by adding to the value of the farm of $70,000, the value of marital personal property of $9,000, and subtracting the secured debt of $4,000, resulting in a net of $75,000, and awarding the wife 55 percent of that amount. Awards of far greater proportion to a wife have been approved, *In re Marriage of Strelow*, supra; *In re Marriage of Vanet*, 544 S.W.2d 236 (Mo.App.1976), and considering all relevant factors the award in this case was certainly not an abuse of discretion.

The major thrust of the husband's argument is that if he is forced to satisfy the award he will be deprived of his livelihood. He testified at the time of the hearing that it was necessary that he have the 160 acres to graze the livestock he had. To avoid this result he urges various alternatives. For example, he suggests awarding the wife the unimproved 80 acres but this would be contrary to his own testimony and would not result in an award the trial court determined to be just. He suggests that no fixed amount be awarded but a percentage assigned to each party, the property be sold and the proceeds divided on that basis. This too is contrary to his own position. The other suggestions are equally unsatisfactory. It is true caution should be exercised in forcing liquidation of income-producing property. *Spicer v. Spicer*, 585 S.W.2d 126 (Mo.App.1979). There are instances where it is appropriate that an award be paid in installments. *Doyle v. Doyle*, 577 S.W.2d 64 (Mo.App.1978); *D____ E____ W____ v. M____ W____*, 552 S.W.2d 280 (Mo.App.1977); *Beckman v. Beckman*, 545 S.W.2d 300 (Mo.App.1977). But, the property in question does not have the income producing qualities under consideration in those cases. The concise answer is that the trial court had no means available to make a just award and preserve the status quo for the husband. Nor was it, under these circumstances, under an obligation to do so. The trial court did make a fair award. To avoid the forced sale of the farm, or at least all of it, the husband does have the possibility of a loan or private sale or a loan and private sale of part available to satisfy that award. Compare *In re Marriage of Dopuch,* supra. The judgment is affirmed.

GREENE and PREWITT, JJ., concur.