Carol A. BROWN, Petitioner–
Respondent,

v.

Steven H. BROWN, Respondent–
Appellant.

No. 22929.

Missouri Court of Appeals,
Southern District,
Division One.

March 29, 2000.

Richard D. Bender, Springfield, for appellant.

Mark J. Millsap, Springfield, for respondent.

KENNETH W. SHRUM, Judge.

Steven Brown (Husband) appeals the judgment of the family court[1] dissolving his marriage to Carol Brown (Wife). On appeal, Husband challenges the family court's division of marital property. In particular, Husband complains that the family court erred by awarding Wife a judgment against him for $29,000, which the court stated was "to make the division of property more equitable." Husband argues that the cash award is "an unjust division of marital property" that "is not supported by the evidence." We affirm.

Husband and Wife were married August 10, 1985. Two children were born of the marriage, Emily, born October 29, 1988, and Samuel, born June 10, 1991. Both spouses worked during the marriage. When the parties first married, Husband was self-employed as a farmer. His farming operation was never profitable, however, and in the winter of 1990, Husband began work as a truck driver. In May 1991, he went back to farming full time. In March 1992, he returned to salaried employment. Thereafter, he worked full time for wages ($1,863 gross per month at time of trial) and also farmed part time.

Wife, on the other hand, worked at Mann–Morris Insurors throughout the marriage. At the time of trial, she was the "chief operating officer" at Mann–Morris and had been for "[f]ive or six years." In that position, her gross monthly salary at time of trial was $3,750.

The parties separated on March 21, 1997. On April 23, 1997, Wife filed a petition for dissolution. The family court dissolved the marriage in an amended judgment approved by the family court judge on February 26, 1999. In its division of property, the court awarded Wife marital property valued at $47,500.52 and ordered her to pay $7,700 in marital debt. The court awarded Husband marital property valued at $138,496.50, including the marital residence valued at $110,000, and ordered him to pay $93,346 in marital debt, including a $58,739 loan secured by the marital home. In addition, the family court awarded Wife a judgment against Husband for $29,000 in order "to make the division of property more equitable." Husband appeals.

 We are to affirm a family court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Crews v. Crews,* 949 S.W.2d 659, 663[1] (Mo.App. 1997). "The burden of demonstrating error is on the party challenging the divorce decree." *Id.* at 663[2]. The family court is vested with "great flexibility and far-reaching power" in dividing marital property. *Marriage of Gilmore,* 943 S.W.2d 866, 876[13] (Mo.App.1997). We will not disturb the family court's division of marital property unless it "is so unduly weighted in favor of one party that it constitutes an abuse of discretion." *Gilmore,* 943 S.W.2d at 877[18].

 Section 452.330.1 lists statutory factors that a court must consider in dividing marital property.[2] As part of his prin-

1. As used in this opinion, "family court" refers to the Family Court Division of the Circuit Court of Greene County. § 487.010, RSMo Cum.Supp.1999; § 487.080, RSMo 1994.

2. In relevant part, § 452.330.1 provides:
 "In a proceeding for dissolution of the marriage ... the court ... shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors including:
 "(1) The economic circumstances of each spouse at the time the division of property

 is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;
 "(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;
 "(3) The value of the nonmarital property set apart to each spouse;
 "(4) The conduct of the parties during the marriage; and

cipal argument, Husband focuses on these statutory factors in arguing that the family court's $29,000 money judgment against him was not supported by the evidence.[3]

█ In its judgment, the family court expressly stated it had "taken all relevant factors into consideration" in dividing the property. Husband does not contend otherwise. He contends only that the evidence under the factors does not support the family court's award. We address Husband's argument with the following in mind. We presume that the family court considered all the evidence in dividing the parties' marital property. *Monsees v. Monsees*, 908 S.W.2d 812, 815[3] (Mo.App. 1995). "There is no formula respecting the weight to be given the relevant statutory factors." *Marriage of Baker*, 986 S.W.2d 950, 957[13] (Mo.App.1999). On the contrary, the family court is permitted to attach any amount of weight it deems appropriate to individual statutory factors. *Crews*, 949 S.W.2d at 665[15]. Moreover, the factors listed in § 452.330.1 are not exclusive. *Baker*, 986 S.W.2d at 957[13].

█ Considering the evidence and the family court's award, several factors are implicated here. One factor the family court might have weighed heavily for Wife was "[t]he economic circumstances of each spouse at the time the division of property is to become effective." § 452.330.1(1). In its "economic circumstances" analysis, the family court could have considered the nature and availability of the marital proper-

ty it awarded Wife. The largest marital asset awarded Wife was her American Life 401(k) retirement fund, which the family court valued at $36,024.78. Excluding the $29,000 judgment, this fund accounted for over seventy-five percent of Wife's marital property award. However, the full value of this fund is not available for Wife's immediate use because of tax consequences and penalties associated with an early distribution of the fund. Specifically, 26 U.S.C.A. § 72(t)(1) (West Cum.Supp. 1999) imposes a ten-percent tax penalty on early distributions of qualified retirement plans. *See David v. David*, 954 S.W.2d 611, 617 (Mo.App.1997). This is beyond the tax ordinarily paid on a regular distribution. Moreover, early withdrawal of Wife's retirement fund, i.e., while she was yet employed, would potentially put her in a higher income tax bracket, thus further reducing the current value of the asset. "Tax consequences are a factor to consider in dividing marital assets," and "[t]he trial court is deemed to know the tax law." *Homfeld v. Homfeld*, 954 S.W.2d 617, 621–22[4] (Mo.App.1997). The reduced value of Wife's 401(k) if used before retirement was a relevant "economic circumstances" consideration.

Further, the family court could have foreseen a greater potential for Wife's pre-retirement use of her 401(k) asset due to another economic circumstance, i.e., the court awarded Wife the greater portion of physical custody of the parties' children

"(5) Custodial arrangements for minor children."

**3.** In part, Husband's brief complained that the trial court erred in awarding $29,000 to Wife *"to equalize"* the property division as such an amount "exceeded its stated purpose." However, at oral argument, Husband's counsel conceded what the record shows, i.e., that the court's expressed intent for the cash award was to make the division "more equitable," not equal. Likewise, he conceded that § 452.330.1 only requires a fair and equitable division of marital property, not an equal division. These concessions render moot Husband's argument, based on *Waisblum v. Waisblum*, 968 S.W.2d 753, 758 (Mo.

App.1998), that the family court erred by awarding Wife $29,000 to *equalize* the division of property where his marital property award was mostly non-cash assets. Also, his *Waisblum* argument runs afoul of *Marriage of Perkel*, 963 S.W.2d 445, 451–52[7] (Mo.App. 1998), where we held:

"Where a division of marital property in kind is impractical or does not bring about a fair result, a trial court may award marital property to one spouse and order that spouse to pay the other spouse a sum of money even *if the marital property does not contain cash in the amount awarded.*" (Emphasis added.)

but not the marital home. The family court was entitled to consider Wife's need for a new home for herself and her children.[4]

Yet other economic circumstances the family court may have considered were the respective ages of the parties. Though Wife had a greater income at the time of trial, she is approximately six years and seven months older than Husband, and the family court could have reasonably inferred that, barring some unforeseen circumstance, her productive working and earning years are more limited than Husband's. *See Marriage of Strelow,* 581 S.W.2d 426, 431 (Mo.App.1979).

Another relevant factor the court could have weighed heavily for Wife was her contribution "to the acquisition of the marital property." § 452.330.1(2). As recounted in the facts, Wife maintained steady employment and drew a steady income throughout the couple's marriage.[5] Husband's contribution to the marital finances was neither as dependable nor as significant. The evidence reveals that Husband's farming activities never yielded a net income for the family. To the contrary, they lost substantial sums between 1993 and 1997.[6] As a consequence, the couple began significant borrowing to finance the farm as early as 1990.

In addition to Wife's larger contributions via her employment income, the family court also may have considered her contributions to the marriage as a homemaker under § 452.330.1(2). The evidence amply supports the conclusion that Wife was the primary caregiver of the couple's children and that she performed the overwhelming majority of household duties, such as laundry, cooking, and cleaning. The mere fact that Wife was employed outside the home should not preclude the consideration of her contribution to the marriage as a homemaker. *See, e.g., Langdon v. Langdon,* 792 S.W.2d 645, 648 (Mo.App.1990); *Klenke v. Klenke,* 742 S.W.2d 621, 624 (Mo.App.1987).

In *Marriage of Kueber,* 599 S.W.2d 259 (Mo.App.1980), this court was called upon to evaluate facts analogous to those presented in this case. In *Kueber,* the trial court awarded the wife $41,250 in cash out of the marital property, the payment of which was secured by a "special lien" against the marital real estate, which the court awarded to the husband. The cash award constituted approximately 55% of the marital property. The evidence showed that the husband had been employed primarily as a farmer, with an estimated annual income of $2,000, "at least a part of which was spent for cattle, fencing and other expenses." *Id.* at 261. The wife, on the other hand, had been "continuously employed" as a school bus driver earning $355 per month "before she left." Writing for this court, Judge Maus held that the trial court could have properly considered this evidence under the "contri-

4. This consideration is also implicated under § 452.330.1(5), i.e., "custodial arrangement for minor children." *See* note 2.

5. The only evidence of Wife's income before this court is her testimony and the various schedules showing her income level at the time of trial. Husband did not file exhibits showing Wife's income earlier in the marriage, although such exhibits were entered in evidence at trial. It is essential that this court have *all* the evidence necessary to determine the questions presented. *In re McDonald Revocable Trust,* 942 S.W.2d 926, 932[9] (Mo. App.1997). An appellant is responsible for filing all relevant exhibits with this court. *Id.* Where exhibits admitted at trial are not filed here, the intendment and content of the exhibits are taken as favorable to the trial court's ruling and unfavorable to the appellant. *Shadow Lake of Noel, Inc. v. Supervisor of Liquor Control,* 893 S.W.2d 835, 838–39[7] (Mo.App.1995); *Delf v. Cartwright,* 651 S.W.2d 622, 624[3] (Mo.App.1983). Husband's failure to file exhibits showing Wife's earnings during the marriage is taken by this court as favorable to that part of the judgment ordering him to make a $29,000 cash payment to Wife to make the division of property "more equitable."

6. Wife testified that the farm lost $21,800 in 1993, $6,700 in 1994, $21,000 in 1995, $15,-000 in 1996, and $16,500 in 1997.

bution factor" of § 452.330. Judge Maus concluded that "[t]here was substantial evidence from which the trial court could have found ... *that the wife by her earnings and contribution as a homemaker contributed far more to the marital property than the husband.*" *Id.* (emphasis added). The same holds true in this case.

The *Crews* case, cited earlier, is also instructive here. There, the husband appealed the trial court's decision to award the wife a disproportionately large share of the marital assets. According to the husband, the trial court's award allocated 88% of the marital assets to the wife and only 12% to him. The wife contended that the court's award was more along the lines of 67% to her and 33% to him. The husband complained that the award was inequitable because "the trial court did not consider the significant contributions he made to the marital assets" in that "he was, for all practical purposes, the sole provider during most of the marriage." *Id.* at 665[14]. In contrast, the evidence showed that the wife had worked outside the home "only briefly during the marriage and had only begun regular employment as a beautician shortly before the parties were separated." *Id.* at 665. Nevertheless, the appellate court affirmed the trial court's division of property, saying, "[t]he court could have reasonably given great weight to wife's contributions as a homemaker." *Id.* Here, the evidence of Wife's combined employment and homemaking contributions exceeds that recounted in *Crews.*

Case law abounds to the effect that disparity in the value of marital property awarded each spouse is justified if the relevant factors, statutory or otherwise, justify an unequal division. *See, e.g., Mistler v. Mistler*, 816 S.W.2d 241, 252[10] (Mo.App.1991). After considering the nature and extent of Wife's contributions, the economic circumstances of the parties as discussed earlier, and the broad discretion afforded the family court in assigning weight to those and other relevant factors, *see Crews*, 949 S.W.2d at 665, we cannot conclude that the family court's division of property, including the $29,000 cash award to Wife, was so unduly weighted in favor of Wife as to amount to an abuse of discretion. *See Gilmore*, 943 S.W.2d at 877[18]. "[T]he fact that there was evidence that would support a different result or that we might have decided differently does not mandate reversal." *Hawk v. Director of Revenue*, 943 S.W.2d 18, 21[8] (Mo.App. 1997).

Husband's point is denied. The judgment of the family court is affirmed.

CROW, P.J., concurs.

PARRISH, J., concurs.