**OCWEN FEDERAL BANK, FSB, Appellant,**

v.

**David BYERS, Jr., et al., Respondents.**

**No. ED 75862.**

Missouri Court of Appeals, Eastern District, Division One.

April 25, 2000.

William H. Leyhe, III, Lehye, Meyer, Leyhe & Lobel, St. Louis, for appellant.

Laurence Gavin Schmidt, Festus, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Ocwen Federal Bank, FSB, ("appellant"), appeals from the Jefferson County Circuit Court's judgment in favor of respondents, David Byers, Jr., et al., ("respondents"), in an action for unlawful detainer. We affirm.

According to appellant's brief, on November 15, 1995, respondent David K. Byers, Jr., ("Byers"), executed a deed of trust in favor of Transamerica Financial Services. On February 4, 1998, the deed of trust was foreclosed and at foreclosure, appellant purchased the property. On February 26, 1998, appellant initiated this action in unlawful detainer against respondents. The trial court ruled against the appellant. Appellant appeals.

Appellant raises three points on appeal. Appellant argues that the trial court erred: 1) in failing to grant it judgment in that the court found Byers was entitled to a notice of foreclosure from appellant, prior to the filing of unlawful detainer action; 2) in holding that respondents were entitled to thirty days' prior written notice to terminate Byers tenancy prior to the filing of the unlawful detainer action; and 3) in finding that Byers was not holding over because he did not live on the premises.

 In a court-tried case, the judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). This court does not engage in an appellate review when the matter complained of is not present in the record. *State ex rel. Callahan v. Collins*, 978 S.W.2d 471, 474 (Mo.App. W.D.1998). "An appealing party desiring review of an issue has the duty to furnish all records relating thereto, and in the absence of such there is nothing for review." *Heifner v. Synergy Gas Corp.*, 883 S.W.2d 29, 36 (Mo.App. S.D.1994). *See also York v. Missouri Pacific R. Co.*, 813 S.W.2d 61, 62 (Mo.App. E.D.1991).

 In its three points, appellant summarily claims that the deed of trust exe-

cuted by Byers creates the requisite landlord-tenant relationship in order to bring an action for unlawful detainer against former owner on property. According to appellant, "the tenancy of Byers described in the deed of trust expired upon Byers' default." Further, "having become a holdover tenant, no demand for possession is necessary prior to filing of an unlawful detainer." Appellant's argument is primarily based on a deed of trust, which is not in the record before this court. We do not have enough information to review appellant's points. It is appellant's burden to provide such a record for us to review. Without the record, we have no basis to find any error of fact or law.

As an extended opinion would serve no jurisprudential purpose, we affirm the judgment pursuant to Rule 84.16(b).

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.