**In re the MARRIAGE OF Rose Marie GERHARD and Paul Christopher Gerhard.**

**Rose Marie Gerhard, Respondent,**

**v.**

**Paul Christopher Gerhard, Appellant.**

**Nos. 23429, 23463.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 4, 2001.

Paul Christopher Gerhard, Dallas, pro se.

James R. Royce and William H. McDonald & Assoc., Springfield, for Respondent.

BARNEY, Judge.

Paul Christopher Gerhard ("Appellant") appeals, *pro se,* from a Judgment of Contempt entered by the Circuit Court of Christian County, Missouri. He also appeals from the circuit court's Order to Vest Title to Real Property and an Order for Sequestration, Attachment or Possession.[1] The above judgment and orders arose from an underlying dissolution action between Appellant and his former wife, Rose Marie Gerhard ("Respondent").

As best we can glean from Appellant's brief, his complaints appear to relate to a post-dissolution sale, at auction, of the marital home, and seem to center on the assertion that the sale was not authorized by the "Amended Judgment and Decree of Dissolution of Marriage." Appellant also contends his failure to sign a quit claim deed to help effectuate the sale was not contempt of court.[2]

Respondent has filed a motion to dismiss the appeal asserting that Appellant's brief violates the provisions of Rule 84.04, Missouri Court Rules (2000).[3] Respondent's motion was taken with the case. As explained below, Respondent's motion is well taken.

Appellant's brief violates most of the provisions of Rule 84.04. His statement of facts is not a fair and concise statement of the facts relevant to the questions presented for determination without argument. *See* Rule 84.04(c). "This re-

---

**1.** Both appeals were consolidated on February 16, 2000.

**2.** The motion court based it's judgment of contempt on Appellant's "willful, intentional, contumacious, and deliberate" failure to "execute a Quit Claim Deed to his interest in the marital real estate ... in compliance with the provisions of the Amended Judgment and Decree of Dissolution of Marriage...." The Amended Judgment and Decree was filed February 24, 1998.

**3.** All rule references are to Missouri Court Rules (2000).

quirement serves to define the scope of the controversy and afford the appellate court an immediate, accurate, complete and unbiased understanding of the facts of the case." *Perkel v. Stringfellow,* 19 S.W.3d 141, 146 (Mo.App.2000). "Such a violation of Rule 84.04 constitutes grounds for the dismissal of [Appellant's] appeal, although we hesitate to dismiss an appeal for this reason alone." *Id.*

We also observe that Rule 84.04(a) provides:

■ The brief for appellant shall contain:

(1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited;

(2) A concise statement of the grounds on which jurisdiction of the review court is invoked;

(3) A statement of facts;

(4) The points relied on;

(5) An argument, which shall substantially follow the order of the points relied on; and

(6) A short conclusion stating the precise relief sought.

Rule 84.04(a). Here, Appellant has included no table of contents. *See* Rule 84.04(a)(1). Furthermore, under the heading "POINTS RELIED ON AND AUTHORITIES CITED" we find neither points relied on nor authorities. Instead we find ten numbered paragraphs, consisting of an amorphous mixture of argument, fact and personal testimonial relating to allegedly malicious and deceptive actions of Respondent in connection with the purportedly unauthorized auction of the marital home. We also find under the heading "ARGUMENT," three additional paragraphs mixing procedural history, argument, and additional condemnations of Respondent. Accordingly, Appellant has also not complied with the requirements of Rule 84.04(d) or (e). "Points on appeal

that fail to comply with Rule 84.04(d) present nothing for review." *Murphy v. Shur,* 6 S.W.3d 207, 209 (Mo.App.1999); *see also Perkel,* 19 S.W.3d at 146–47.

■ Additionally, no case or statutory law is provided in the entirety of the brief. *See* Rule 84.04(d)(5). "Under rule 84.04, an appeal is deficient if an appellant fails to cite authority for a point or fails to specify which citations are unavailable." *Angle v. Grant,* 997 S.W.2d 133, 134 (Mo. App.1999). "Citation of one case is insufficient to support a point containing numerous contentions." *Id.* Also, page references in support of Appellant's various arguments are sporadic. *See* Rule 84.04(i); *Nishwitz v. Blosser,* 850 S.W.2d 119, 123 (Mo.App.1993)(interpreting predecessor Rule 84.04(h), Missouri Court Rules (1993)).

■ As noted above, Appellant appears to question the motion court's conclusion that the Amended Judgment and Decree of Dissolution of Marriage required him to execute the quit claim deed at issue. Appellant, however, has failed to include the referenced Amended Judgment and Decree of Dissolution of Marriage in the record on appeal, as was his duty, and we therefore must presume that its contents were favorable to the motion court's decision and unfavorable to Appellant. *See In re Marriage of Powell,* 948 S.W.2d 153, 160 (Mo.App.1997); *Brown v. Brown,* 14 S.W.3d 704, 708 n. 5 (Mo.App.2000); *Ocwen Fed. Bank, FSB v. Byers,* 17 S.W.3d 166, 167 (Mo.App.2000).

■ "The purpose of the briefing requirements regarding points relied on is to give 'notice to the party opponent of the precise matters which must be contended with and answered' and 'to inform the court of the issues presented for resolution.'" *Perkel,* 19 S.W.3d at 147 (quoting *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978)). "If the appellate court must search the argument portion of the brief or the record on appeal to determine or clarify the nature of the asserted

claims, the court may interpret the claims differently than the opponent or differently than was intended by the party asserting the claim." *Id.* "Where a brief fails to comply with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, 'the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency.' " *Id.* (quoting *Thummel,* 570 S.W.2d at 686). " 'Courts should not be asked to assume such a role.' " *Id.* (quoting *Thummel,* 570 S.W.2d at 686).

Appellant appears before this Court *pro se.* "Nevertheless, he is bound by the same rules of procedure as a party represented by a licensed attorney." *Id.* at 145. "While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non-lawyers. It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Id.* at 145 (quoting *Kline v. Casey's Gen. Stores, Inc.,* 998 S.W.2d 140, 141 (Mo.App.1999)) (citation omitted). "Allegations of error not properly briefed 'shall not be considered in any civil appeal....' " *Murphy,* 6 S.W.3d at 209 (quoting Rule 84.13(a)). "Under the foregoing circumstances we are not obliged to review Appellant's brief and we decline to do so." *Id.* at 210. We sustain Respondent's motion to dismiss taken with the case and dismiss the consolidated appeals on the basis of Appellant's failure to comply with Rule 84.04. All other motions are denied.

Appeals dismissed.

PREWITT, J., concurs.

MITCHELL, Sp.J., concurs.