Carol E. RIX a/k/a Carol E. Kirila, Respondent,

v.

**Philip D. RIX, Appellant.**

No. WD 60108.

Missouri Court of Appeals, Western District.

Submitted March 14, 2002.

Decided July 2, 2002.

Ronald C. Rundberg, Overland Park, KS, for Appellant.

William T. Bernard, Kansas City, for Respondent.

Before PAUL M. SPINDEN, C.J., P.J., JAMES M. SMART, JR., and RONALD R. HOLLIGER, JJ.

JAMES M. SMART, JR., Judge.

Appellant Philip D. Rix appeals the judgment in his dissolution action, contending that the trial court erred in dividing Mr. Rix's insurance policy on the life of Carol Rix and in setting the policy over to Ms. Rix. The judgment is affirmed.

### Statement Of Fact

On July 19, 1995, in anticipation of marriage, Mr. Rix purchased a term life insurance policy insuring the life of his future spouse, the respondent, an osteopathic physician. Carol Rix consented to this policy at the time, but her future husband was the owner of the policy and retained the right to designate the beneficiary, naming himself. The policy provided a death benefit of $2.2 million. Mr. Rix is not disabled and is employed. The purpose of the policy was to compensate Mr. Rix for the loss of his future wife's earning power if she were to die an untimely death. The couple married on September 23, 1995. They separated on March 17, 2000.

Prior to the separation, Dr. Rix paid the monthly life insurance premiums. Thereafter, Mr. Rix continued the premium payments. Mr. Rix testified that the premium is between $450.00 and $500.00 per month.

At trial, Dr. Rix testified that Mr. Rix had promised to cancel the policy but failed to do so. She testified that the continued existence of the policy caused her great apprehension and mental upset. Dr. Rix attempted to cancel the policy, but the insurer has refused, maintaining she cannot do so because she consented at the time the policy was originated.

Mr. Rix testified that he has never threatened to harm Dr. Rix. He denied that he promised to cancel the policy. Mr. Rix testified that he has kept the policy in force because it is, in his words, "an excellent investment." Mr. Rix testified that, compared to other "retirement vehicles," the returns on the insurance policy are expected to be better than other options.

The policy in question is a term life insurance policy that has no cash value or surrender value. The dissolution court set the policy over to Dr. Rix and required Dr. Rix to reimburse Mr. Rix for one-half of the premium paid on the policy during the then-current policy period. Mr. Rix appeals.

### Rule 84.04

At the outset, we note that Mr. Rix's points relied upon fail to comply with Rule 84.04. Mr. Rix raises two points, which are stated verbatim as follows:

A. The trial court erred in dividing the subject term life insurance policy.

B. The trial court erred in ruling that the subject term life insurance policy is contrary to public policy and should be set aside to Petitioner.

These "points relied on" represent the second attempt to plead points on appeal. This amended brief was prepared after the court issued its order that the Appellant's brief did not comply with Rule 84.04(d). Rule 8.04(d)(1) requires that each point relied on shall: (A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in context of the case, those legal reasons support the claim of reversible error. It is well settled that:

> [c]ompliance with rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Franklin v. Ventura*, 32 S.W.3d 801, 803 (Mo.App.2000) (quoting *Myrick v. Eastern Broad., Inc.*, 970 S.W.2d 885, 886 (Mo.App. 1998)). Indeed, "[w]here a brief fails to comply with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, 'the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency.'" *In re Marriage of Gerhard*, 34 S.W.3d 305, 308 (Mo. App.2001).

Appellant's points relied on preserves nothing for review. We have, nevertheless, considered whether there are facial grounds for concluding that there is plain error resulting in a miscarriage of justice or manifest injustice. *See* Rule 84.13(c). We see no indication of such. Accordingly, we conclude that the judgment below should be affirmed.

## Conclusion

The judgment is affirmed.

SPINDEN and HOLLIGER, JJ., concur.