Carolyn Sue HILL, Appellant,

v.

ST. JOHN'S REGIONAL HEALTH
CENTER, Respondent.

No. 20102.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 4, 1995.

Carolyn Sue Hill, Springfield, pro se.

Patrick J. Platter, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for respondent.

MONTGOMERY, Presiding Judge.

Pro se Appellant, Carolyn Sue Hill, appeals from a final award of the Labor and Industrial Relations Commission (Commission) which denied her compensation for permanent partial disability and future medical treatment. Appellant's claim was based on alleged injuries she received from a fall while working for St. John's Hospital on March 18, 1991.

In a workers' compensation case, we review the decision of the Commission to see that it is supported by competent and substantial evidence on the record as a whole. *Alexander v. D.L. Sitton Motor Lines*, 851 S.W.2d 525, 527 (Mo. banc 1993). However, we do not reach the merits because Appellant's brief completely fails to comply with the requirements of Rule 84.04.[1]

Rule 84.04 provides:

The brief for appellant shall contain: (1) A concise statement of the grounds on

1. Rule references are to Missouri Rules of Court (1995).

which jurisdiction of the review court is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of "Points Relied On."

Appellant's brief contains no jurisdictional statement, a deficient statement of facts, inadequate page references to the legal file or transcript, two deficient points relied on, and an argument without a single citation of authority. Under these circumstances, we look to Rule 84.13(a) which provides that allegations of error not properly briefed shall not be considered in any civil appeal.

■ An appellate brief is deficient when it does not contain a jurisdictional statement as required by Rule 84.04(b). *Schneller v. GEICO*, 873 S.W.2d 679, 680 (Mo.App.1994). However, much more serious are the deficiencies which we next describe.

Appellant's one-page statement of facts consists of five paragraphs which contain either one or two sentences each. It is not "a fair and concise statement of the facts relevant to the questions presented for determination" as required by Rule 84.04(c). Neither does Appellant's statement of facts give specific page references to the legal file or transcript as required by Rule 84.04(h). For example, one page reference cites only to "Volume II" of the transcript, another cites to pages "117–197," and one more cites to pages "296–338." In *White v. White*, 846 S.W.2d 212 (Mo.App.1993), this Court discussed a brief similar to Appellant's and determined that nothing was preserved for appellate review by a brief containing a deficient statement of facts which included only one specific page reference.

Appellant presents the following points relied on:

1. I feel my claim was denied due to the failure of my physicians to breakdown [sic] my impairments.

2. I feel this was due to a failure to evaluate previous medical records that state no permanent injuries due to a fall at home and also a car accident. These incidents caused no impairments that were permanent and medical records are included that state these facts. These records were never introduced in the argument.

Neither of these points relied on comply with Rule 84.04(d).

Three things are required with respect to points relied on: (1) a statement of the action or ruling of the trial court about which the party complains; (2) a statement that specifies why the ruling was erroneous; and (3) a statement informing the appellate court wherein the evidence at trial supports the position the party asserts the trial court should have taken. *Bentlage v. Springgate*, 793 S.W.2d 228, 229 (Mo.App.1990).

■ Neither of the purported points relied on identify the action or ruling of the Commission that Appellant contends was erroneous. Neither states wherein and why the action of the Commission was erroneous. Points relied on which do not comply with Rule 84.04(d) preserve nothing for appellate review. *Hubbs v. Hubbs*, 870 S.W.2d 901, 908 (Mo.App.1994).

■ Finally, Appellant's two-page argument fails to cite any authority for either point and fails to specify why citations are unavailable. Rule 84.04(d) requires that points relied on be supported "with citations of authorities thereunder." When authority is available, as in this case, a point is deemed abandoned absent citation of authority. *Ortmeyer v. Bruemmer*, 680 S.W.2d 384, 396 (Mo.App.1984).

■ A pro se appellant is held to the same standard as a licensed attorney. As explained in *Sutton v. Goldenberg*, 862 S.W.2d 515 (Mo.App.1993):

While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

*Id.* at 517 (citation omitted).

For the reasons stated, the appeal is dismissed.

FLANIGAN and GARRISON, JJ., concur.