**ORIX CREDIT ALLIANCE, INC.,**
**Plaintiff/Respondent,**

v.

**ROYAL GARDEN, INC.,**
**Defendant/Appellant.**

**No. 68934.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1996.

Edgar Edward Lim, Clayton, for appellant.

Gary R. Underwood, Law Offices of Gary R. Underwood, St. Louis, for respondent.

Before GERALD M. SMITH, P.J., and GARY M. GAERTNER and RHODES RUSSELL, JJ.

PER CURIAM.

Appellant, Royal Garden, Inc., appeals the judgment of the Circuit Court of the County of St. Charles granting respondent's, Orix Credit Alliance, Inc. ("OCA"), motion for summary judgment. We dismiss the appeal.[1]

This case involves a dispute over the priority of two different security interests, one held by Royal Garden and the other held by OCA. The trial court granted OCA's motion for summary judgment after Royal Garden failed to respond to OCA's request for admissions within thirty days as allowed by Rule 59.01, thus admitting all material issues contained therein. It appears Royal Garden appeals the trial court's judgment; however, as we find Royal Garden's brief, specifically the statement of facts and points relied on, fails to meet the standards set out in Rule 84.04(c) and (d), we dismiss the appeal.

Rule 84.04(c) requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Royal Garden's statement of facts contains abstract and general statements of fact, almost all of which lack support in the

---

1. OCA's motion objecting to or alternatively seeking to dismiss appellant's legal file is hereby denied.

record.[2] The legal file is cited only twice in the section, which contains four paragraphs of facts. The facts set forth do not adequately apprise this Court of the case's background or procedural history, or the specific facts which would render the trial court's decision erroneous, as Royal Garden contends. *See Hill v. St. John's Regional Health,* 911 S.W.2d 305, 306 (Mo.App. S.D. 1995).

Secondly, Rule 84.04(d) requires the points relied on to state "briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, . . . ." Furthermore, "[s]etting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule." *Id.* Royal Garden's brief contains three points:

    1. As a matter of law, a summary judgment is not available whenever there is an issue of fact to be tried. [Citations omitted.]

    2. The summary judgment procedure is not a substitute for a trial on the merits, hence, it cannot be used where there is a true issue of fact in a case. [Citation omitted.]

    3. The Supreme Court of Missouri and other appellate courts have warned that great care should be exercised in the utilization of summary judgment. [Citation omitted.]

These points fail to specify how the trial court erred, why the ruling was erroneous, what evidence before the trial court supported the action Royal Garden contends was proper, and what action the trial court should have taken. *Sertoma Bldg. Corp. v. Johnson,* 857 S.W.2d 858, 859 (Mo.App. S.D.1993); *Straeter Distributing v. Fry–Wagner Moving,* 862 S.W.2d 415, 417 (Mo.App. E.D.1993). Further, the points relied on in the brief before us are nothing more than abstract statements of law, deficient as points relied on by the language of Rule 84.04(d) alone.

Thus, Royal Garden's points relied on leave nothing for this court to review. *Cook v. Wadlington,* 821 S.W.2d 864, 865 (Mo.App. E.D.1991).

Based on the foregoing, the appeal is hereby dismissed.

---

2. An example of appellant's statement of facts follows: "However, Respondent did not perfect its security interest in said goods and chattels. The interest Respondent claimed in said goods and chattels was an unperfected interest." The section lacks any specific facts to support such conclusory allegations. Further, such conclusions are directly contradicted by certain documents attached to respondent's pleading.