Jesse BROWN, Secretary of Veterans Affairs, Plaintiff–Respondent,

v.

Richard LANGHANS, ·Defendant–Appellant.

No. 71181.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 14, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 1997.

Richard W. Langhans, St. Louis, party acting pro se.

Ross A. Friedman, Wendy S. Brafman, Clayton, for plaintiff/respondent.

Before CRAHAN, C.J., CRANE, J., and CHARLES B. BLACKMAR, Senior Judge.

PER CURIAM.

The defendant appeals from a judgment of unlawful detainer. No money damages were awarded. He has represented himself both in the trial court and on appeal. It is his privilege to do so but he must comply with the rules governing appellate procedure.

His brief shows numerous rules violations. The statement of facts, rather than being "a fair and concise statement of the

facts relevant to the questions presented for determination without argument" as required by Rule 84.04(c) is essentially a narration of the various papers filed in the case, with argument interspliced. The transcript of the hearing at which the trialcourt recited a history of proceedings before him and entered judgment is not mentioned at all. The sole point relied on fails to advise us of any legal reason as to why the defendant deemed the ruling of the trial court erroneous as required by Rule 84.04(d). This does not complete the catalog of rules violations.

It appears from the brief that the defendant relies on two arguments which are demonstrably unsound. He seems to think that the mere filing and service of a petition for writ of prohibition or mandamus against a trial judge deprives the judge of jurisdiction to proceed, whereas jurisdiction continues until the appellate court directs otherwise. He also argues that Rule 54.12(c), dealing with service by newspaper publication, applies to "publication" by posting as permitted by Sec. 534.090–2, which is a special statute applicable only to unlawful detainer actions when the defendant cannot be found.

We probe the merits no further because we have determined that the appeal should be dismissed, not only because of the rules violations but also because the brief contains discourteous and insulting statements about two judges of the trial court who entered orders in the case. It is said that one judge "acted as if he had the mentally (sic) of an idiotic and insane person" and, twice, that another judge "reflected a definite attitude of "IGNORANCE," and a lack of UNDERSTANDING of STATUTORY LAW." Such comments by a lawyer would not be tolerated, Matter of Coe, 903 S.W.2d 916, 918 (Mo. banc 1995 ), and we do not have to put up with them in the brief of a pro se litigant.

The appeal is dismissed.