Edward R. TATE, D.D.S., Individually and on behalf of Tate–Kamakas & Associates, d/b/a Pine Lawn Dental Group, Appellant,

v.

Nicholas P. KAMAKAS, D.D.S., Respondent.

No. 74343.

Missouri Court of Appeals, Eastern District, Division Four.

March 23, 1999.

J. Richard McEachern, St. Louis, for appellant.

W. Dudley McCarter, Behr, Mantovani, McCarter & Potter, P.C., St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Edward R. Tate, D.D.S., et al. ("plaintiff"), appeals the judgment of the Circuit Court of St. Louis County granting respondent's, Nicholas P. Kamakas' ("defendant"), motion for summary judgment in plaintiff's suit against defendant for conversion, accounting, breach of fiduciary duty and partition. We dismiss plaintiff's appeal.

As indicated, this case concerns plaintiff's suit against defendant for conversion, accounting, breach of fiduciary duty and partition. All of these counts arise out of plaintiff's and defendant's operation of a dental practice together. The trial court granted defendant's motion for summary judgment. Plaintiff now appeals that judgment. Because we find plaintiff's brief, in particular the statement of facts and points relied on, fails to comply with Rule 84.04(c) and (d), we dismiss plaintiff's appeal.

Rule 84.04(c) requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." In this case, as plaintiff concedes, plaintiff's statement of facts "tracks the allegations and the admittal or denial of the facts in the same order as contained in [defendant's] Motion for Summary Judgement ... (citation omitted) and [plaintiff's] response. (Citation omitted.)" Thus, this court is presented with very little facts, but primarily a recitation of the allegations and admissions or denials of the parties with regard to defendant's motion for summary judgment.

In *Orix Credit Alliance, Inc. v. Royal Garden, Inc.*, 924 S.W.2d 614 (Mo.App. E.D. 1996), the appellant's statement of facts contained "abstract and general statements of fact, almost all of which lack[ed] support in the record." *Id.* at 614–15. The *Orix Credit Alliance, Inc.* court also noted the appellant's infrequent citation to the legal file. *Id.* at 615. The court found the facts did not "adequately apprise this Court of the case's background or procedural history, or the specific facts which would render the trial court's decision erroneous, as [appellant] contends." *Id.*

In our case, as noted, we are presented with very little facts, but primarily a recitation of the allegations and admissions or denials of the parties with regard to defendant's motion for summary judgment. We find our case analogous to *Orix Credit Alliance, Inc.*, in that, we believe the statement of facts provided in plaintiff's brief does not sufficiently apprise this court of the facts necessary for disposition on the merits. Rule 84.04(c). (*See also, Brown v. Lan-*

*ghans,* 955 S.W.2d 789, 789–90 (Mo.App. E.D. 1997)) (appellant's statement of facts was "essentially a narration of the various papers filed in the case, with argument interspliced[ ]" and as such, was found to be one of several grounds for dismissal.) Therefore, as plaintiff has not met the requirements of Rule 84.04(c), we dismiss the appeal.

■ In addition, Rule 84.04(d) requires the points relied on to "state briefly what actions or rulings of the court for which review is sought and wherein and why they are claimed to be erroneous, with citations of authorities thereunder." *Jones v. Wolff,* 887 S.W.2d 806, 808 (Mo.App. E.D.1994) (citing *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978)). There are three elements of a point relied on: "a concise statement of the challenged ruling of the trial court; the rule of law the court should have applied; and the evidentiary basis upon which the asserted rule is applicable." *Id.* "Points which do not state what ruling of the trial court is challenged nor provide a proper evidentiary basis, but instead set out abstract statements of law, preserve nothing for appeal." *Id.* Points which are nothing more than abstract statements of law are "deficient as points relied by the `language of Rule 84.04(d) alone." *Orix Credit Alliance, Inc.,* 924 S.W.2d at 615.

In our case, plaintiff's first point fails to sufficiently explain what action the trial court should have taken and further, what evidence before the trial court supported said action. Also, plaintiff's second point fails to adequately explain what evidence before the trial court supported the action plaintiff contends the trial court should have taken. Moreover, plaintiff's points strongly resemble abstract statements of law, which make them deficient as points relied on by the language of Rule 84.04(d) alone. Accordingly, plaintiff's points relied on preserve nothing for appeal.

Based on the foregoing, plaintiff's appeal is dismissed.

HOFF, P.J., and RHODES RUSSELL, J., concur.