Teresa Anne JENNEWEIN, f/k/a Puricelli, Appellant,

v.

Michael Thomas PURICELLI, Respondent.

No. 75028.

Missouri Court of Appeals, Eastern District, Division Four.

April 6, 1999.

Mary Ann Weems, Law Offices of Mary Ann Weems, St. Louis, for appellant.

Bradley J. Bakula, St. Louis, for respondent.

Before HOFF, P.J., GARY M. GAERTNER, J., and RHODES RUSSELL, J.

PER CURIAM.

Appellant, Teresa Anne Jennewein, f/k/a Puricelli ("mother"), appeals the judgment of the Circuit Court of St. Louis County concerning an award of child custody and support. We dismiss mother's appeal.

This case concerns the circuit court's execution of a mandate, on remand, in accordance with this court's opinion in *Puricelli v. Puricelli*, 969 S.W.2d 289 (Mo.App. E.D. 1998). On remand of *Puricelli*, mother filed a motion for a change of judge, which was denied as untimely. Mother now appeals, challenging the denial of the change of judge. Because we find mother's brief, in particular the point relied on, fails to comply with Rule 84.04(d), we dismiss mother's appeal.

Rule 84.04(d) requires the points relied on to "state briefly what actions or rulings of the court for which review is sought and wherein and why they are claimed to be erroneous, with citations of authorities thereunder." *Jones v. Wolff*, 887 S.W.2d 806, 808 (Mo.App. E.D.1994) (citing *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978)). There are three elements of a point relied on: "a concise statement of the challenged ruling of the trial court; the rule of law the court should have applied; and the evidentiary basis upon which the asserted rule is applicable." *Id.* "Points which do not state what ruling of the trial court is challenged nor provide a proper evidentiary basis, but instead set out abstract statements of law, preserve nothing for appeal." *Id.* Points which are nothing more than abstract statements of law are "deficient as points relied on by the language of Rule 84.04(d) alone." *Orix Credit Alliance, Inc. v. Royal Garden,*

*Inc.,* 924 S.W.2d 614, 615 (Mo.App. E.D. 1996).

■ In our case, mother's sole point relied on fails to sufficiently explain what action the trial court should have taken and further, what evidence before the trial court supported said action. Moreover, mother's point relied on strongly resembles an abstract statement of law, which makes it deficient as a point relied on by the language of Rule 84.04(d) alone. Accordingly, mother's point relied on preserves nothing for appeal.

Based on the foregoing, mother's appeal is dismissed.