**Michael MURPHY, Appellant,**

v.

**Jim SHUR, Debby Woodin, and The Joplin Globe, Respondents.**

No. 22959.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 19, 1999.

Michael Murphy, Joplin, pro se.

Charles Buchanan, Joplin, for respondents.

Before MONTGOMERY, P.J.,
GARRISON, C.J., and BARNEY, J.

PER CURIAM.

On July 15, 1996, Michael Murphy ("Appellant"), filed a *pro se* "Complaint for Libel" in the Circuit Court of Jasper County, alleging that two reporters, Jim Shur and Debby Woodin, and their employer The Joplin Globe (collectively "Respondents") caused to be printed articles about him that were "libelous per se and defamatory per se." [1] Both parties filed motions for summary judgment. In its judgment filed March 29, 1999, the trial court entered "its Summary Judgment in favor of [Respondents]" and denied "[a]ll other pending Motions."

On appeal, Appellant claims six points of trial court error which are as follows:

1. Did the circuit court violate Plaintiff's due process and equal protection rights in the ex parte summary judgment hearing?

2. Should the circuit court have granted Plaintiff's request for alternative relief to the ex parte summary judgment hearing of dismissal without prejudice pursuant to RSMo § 516.170?

3. Do the [Respondents] have absolute privilege to print libel?

4. Is the [Respondents'] "libel proof" defense applicable to Plaintiff?

5. Is a "libel proof" plaintiff defense applicable to a false press release?

6. Does the "libel proof" plaintiff defense relegate Plaintiff to only nominal damages recovery thereby supporting summary judgment?

Respondents have filed a Motion to Dismiss Appellant's Brief, which we have taken with the case. We do not reach the merits of the case, but instead grant Respondent's motion to dismiss the appeal for lack of compliance with Rule 84.04. [2]

■ Appellant is appealing *pro se.* "*Pro se* parties are bound by the same rules of procedure as parties represented by lawyers, and are not entitled to indulgences they would not have received if represented by counsel." *Belisle v. City of Senath,* 974 S.W.2d 600, 601 (Mo.App. 1998).

> While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. *Brown v. City of St. Louis,* 842 S.W.2d 163, 165 (Mo.App. E.D.1992). It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

*Kline v. Casey's Gen. Stores, Inc.,* 998 S.W.2d 140, 141 (Mo.App.1999)(quoting *Sutton v. Goldenberg,* 862 S.W.2d 515, 517 (Mo.App.1993)).

■ Initially, we note that Rule 84.04(c) requires Appellant to provide us with a statement of facts that is fair and concise and relevant to the questions presented for determination without argument. Rule 84.04(c). [3] Appellant's statement of facts is

---

1. As this Court understands the record, the articles Appellant considers libelous and slanderous concerned an arrest of Appellant for possession of various illegal firearms. The articles recounted that Appellant was found in possession of, *inter alia,* a number of assault rifles, firearms made of metal tubing to resemble pens, a .22 caliber pistol, and various articles of racist literature. The articles also stated that Appellant was on parole after serving 15 years of a life sentence for murder and made reference to the deaths of Appellant's former wife and of a previous girlfriend by gunshot wounds to the head. The articles stated the deaths were considered suicides, but that law enforcement officers were re-

opening the investigation into one of the deaths. The articles additionally stated that Appellant was arrested at the time of his wife's death for possession of marijuana and that he had two previous drug convictions.

2. All rule references are to Missouri Court Rules (1999).

3. We further note that not all of the statements of fact in Appellant's statement of facts have references to the legal file and transcript and that the statement of facts in Appellant's brief contains no *specific page references* to the legal file and transcript. Rule 84.04(i).

simply a one and one-half page procedural history of the case. *See Angle v. Grant*, 997 S.W.2d 133, 134 (Mo.App.1999)("A statement of facts that consists of nothing more than an abbreviated procedural history fails to provide an understanding of the case and is deficient"). Further, Appellant's statement of facts is not free of argument as required under 84.04(c). "The primary purpose of the statement of facts is 'to afford an immediate, accurate, complete and unbiased understanding of the facts of the case....' " *Simmons v. Lawrence County Jail*, 948 S.W.2d 242, 243 (Mo.App.1997)(quoting *Wipfler v. Basler*, 250 S.W.2d 982, 984 (Mo.1952)). We conclude that Appellant's brief violates Rule 84.04(c). "Such a violation of Rule 84.04 constitutes grounds for the dismissal of Plaintiff's appeal, although we hesitate to dismiss an appeal for this reason alone." *Myrick v. Eastern Broad., Inc.*, 970 S.W.2d 885 (Mo.App.1998); *see generally Cade v. State*, 990 S.W.2d 32, 36 n. 2 (Mo.App.1999).

■ However, Appellant's brief also violates Rule 84.04(d)(1) and (4). Rule 84.04(d)(1) provides that:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible error* ], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error* ]."

Rule 84.04(d)(1). Rule 84.04(d)(4) provides that:

(4) Abstract statements of law, standing alone, do not comply with this rule.

Rule 84.04(d)(4).

None of Appellant's points, *supra*, approach compliance with Rule 84.04(d)(1) in that Appellant's points: (a) fail to "identify the trial court ruling or action that [Appellant] challenges"; (b) fail to "state concisely the legal reasons for [Appellant's] claim of reversible error"; and (c) fail to "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1); *see Jennewein v. Puricelli*, 988 S.W.2d 643, 644 (Mo.App.1999). We cannot say that they even qualify as abstract statements of law, in that they are merely questions that Appellant would have us undertake to answer, sans guidance or direction. *See Marks v. Hopkins*, 952 S.W.2d 747, 748 (Mo.App.1997)(phrasing a point relied on in the form of a question is not proper form).

■ Allegations of error not properly briefed "shall not be considered in any civil appeal...." Rule 84.13(a); *see also Cade*, 990 S.W.2d at 36 n. 2; *Flowers v. Roberts*, 979 S.W.2d 465, 473 (Mo.App.1998); *Osborne v. Osborne*, 978 S.W.2d 786, 790–91 (Mo.App.1998). "Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood." *Myrick*, 970 S.W.2d at 886. " 'Points on appeal that fail to comply with Rule 84.04(d) present nothing for review.' " *Williams v. Thomas*, 961 S.W.2d 869, 872 (Mo.App.1998)(quoting *In Interest of S.J.G.*, 871 S.W.2d 638, 641 (Mo.App. 1994)); *see also Jennewein*, 988 S.W.2d at 645; *Cade*, 990 S.W.2d at 36 n. 2.

Under the foregoing circumstances, we are not obliged to review Appellant's brief and we decline to do so. *Myrick*, 970 S.W.2d at 886. Because of the violations of Rule 84.04, this appeal is dismissed. *Jennewein*, 988 S.W.2d at 645.