**Steven KITTLE, Petitioner–Respondent,**

v.

**Nettie J. Jackson KITTLE, Respondent–Appellant.**

No. 23194.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 15, 2000.

Motion for Rehearing and Transfer Denied Sept. 27 and Oct. 10, 2000.

Application for Transfer Denied Dec. 5, 2000.

Larry K. Bratvold, Springfield, for appellant.

Betty A. Pace, Springfield, for respondent.

KENNETH W. SHRUM, Judge.

Nettie Jackson Kittle (Wife) appeals a judgment rendered in a dissolution of marriage case brought by Steven Kittle (Husband). We affirm.

By a judgment of April 14, 1999, the trial court dissolved the marriage of the parties and divided the marital and non-marital property between them. Neither party received maintenance, and both parties were ordered to pay their respective attorney fees. The only child of this marriage is Raymond Jay Kittle, born June 10, 1982. The judgment contains no provisions dealing with the custody or visitation with this child because "those issues [were] transferred to the State of Pennsylvania" on August 12, 1998.

Until September 8, 2000, Wife appeared before this court *pro se*. Consequently, it was Wife—not her attorney—who prepared and filed briefs on her behalf. In her original and reply briefs, Wife argued the trial court lacked subject matter jurisdiction to enter the April 14, 1999 judgment.[1] To support such argument, Wife directed our attention to documents within the legal file, including a purported docket sheet, which recited that this dissolution case was voluntarily dismissed May 7, 1993. According to Wife, such dismissal was based upon a joint stipulation entered into by Husband and her on May 5, 1993. A copy of such purported stipulation is in the legal file.

A thorough examination of the legal file revealed the following. First, the documents upon which Wife principally relied to claim the case had been dismissed in May 1993 were in direct conflict with the docket sheet which omitted any reference to a voluntary dismissal. Second, the issue regarding whether the case had been voluntarily dismissed was apparently decided adversely to Wife on March 16, 1998. The docket entry for that date revealed "Respondent [Wife] Motion to give Effect of Voluntary Dismissal Denied." No record of this hearing was made. Finally, upon discovery of the conflicting docket sheets in the legal file, this court, by order pursuant to Rule 81.15(d), directed the tri-

---

1. As with the rest of Wife's complaints on appeal, her claim that the trial court lacked subject matter jurisdiction is not properly briefed. Even so, we have addressed the question "of jurisdiction of the trial court" as directed by Rule 84.13(a).

al court to settle the dispute regarding the discrepancy.[2] The trial court did this, and certified that the docket sheet which omitted the alleged dismissal accurately reflected the disposition of the case. Based on the record before this court, no jurisdictional question appears.[3]

 Wife's brief violates almost every subsection of Missouri Supreme Court Rule 84.04. There is no jurisdictional statement, Rule 84.04(b), and no "fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Not only does the brief contain no point relied on in the form contemplated by Rule 84.04(d), it does not, in any fashion, identify the action or ruling sought to be reviewed, indicate wherein and why the circuit court was in error, or cite any authority.

In the absence of a point relied on, the failure of the argument to "substantially follow the order of 'Points Relied On,'" Rule 84.04(e), was foreordained. Moreover, if we were to overlook the violation of Rule 84.04(d) and grant plain error review under Rule 84.13(c) (which action we do not take), the argument does not assist us in identifying wherein and why the circuit court erred in its judgment.

 With exceptions not applicable here, "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal." Rule 84.13(a). Compliance with Rule 84.04 is mandatory, and serious violations of that rule are grounds for dismissal of an appeal. *Brancato v. Wholesale Tool Co., Inc.*, 950 S.W.2d 551, 553–54 (Mo.App.1997). " 'Pro

se parties are bound by the same rules of procedure as parties represented by lawyers, and are not entitled to indulgences they would not have received if represented by counsel.' " *Murphy v. Shur*, 6 S.W.3d 207, 208 (Mo.App.1999) (quoting *Belisle v. City of Senath*, 974 S.W.2d 600, 601 (Mo.App.1998)).

> " 'While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.' "

*Shur*, 6 S.W.3d at 208 (citations omitted).

Under the circumstances, we are not obliged to review Wife's brief except for the question of jurisdiction of the trial court over the subject matter. Rule 84.13(a). Having addressed the jurisdiction issue, we decline to review the other allegations of error not properly briefed. *Shur*, 6 S.W.3d at 210.

We affirm the judgment of the trial court.

PARRISH, P.J., concurs.

MONTGOMERY, J., concurs.

---

2. In pertinent part, Rule 81.15(d) provides:

> "If there is any dispute concerning the correctness of any legal file ..., the party disputing the correctness thereof shall designate in writing ... those portions of the legal file ... that are disputed.... The appellate court shall direct the trial court to settle the dispute and to certify the correct contents of such portion to the appellate court, and such certification by the trial

court shall become a part of the record on appeal."

3. Lawyer Larry Bratvold entered his appearance for Wife September 8, 2000, four days before oral argument. At oral argument, lawyer Bratvold presented Wife's claim that the trial court lacked subject matter jurisdiction. He conceded that except for the jurisdiction issue, Wife had preserved nothing for appellate review.