CRAWFORD COUNTY CONCERNED CITIZENS, Appellant,

v.

MISSOURI DEPARTMENT OF NATURAL RESOURCES and David Schorr, Respondents.

No. WD 58558.

Missouri Court of Appeals,
Western District.

Aug. 7, 2001.

Ronald E. Jenkins, Kenneth L. Coyne, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Timothy P. Duggan, Assistant Atty. Gen., Jefferson City, for Respondents.

Before EDWIN H. SMITH, P.J., and SMART and HOWARD, JJ.

EDWIN H. SMITH, P.J.

Crawford County Concerned Citizens, a Missouri not-for-profit corporation in good standing, appeals the judgment of the circuit court upholding the issuance of a permit by the Missouri Department of Natural Resources (the Department), pursuant to § 260.205,[1] to Prairie Valley Disposal, Inc. (Prairie Valley), a Missouri corporation in good standing, and Swinger Trucking, Inc. (Swinger),[2] authorizing the construction of a solid waste disposal area, the Prairie Valley Landfill (the landfill), in Crawford County, Missouri.[3] Although the appellant's first amended petition for declaratory judgment and injunctive relief did not attack the issuance of the permit, the circuit court, in its judgment, found that: "[t]his case involves judicial review of the issuance of a landfill construction permit by the Department of Natural Resources," and treated it as a non-contested administrative proceeding, under

1. All statutory references are to RSMo Supp. 1995, unless otherwise indicated.

2. The record does not reflect its corporate status.

3. Although the record would clearly indicate that the trial court entered a judgment on the merits, after hearing evidence, rather than expressly upholding the Department's issuance of the permit, the court, in finding for the Department, "dismissed" the appellant's petition for declaratory judgment and injunctive relief.

§ 536.150, RSMo 2000. There is no dispute on appeal as to the trial court's treatment of the case.

The appellant raises two points on appeal. In Point I, it claims that the circuit court erred in upholding the Department's decision to issue the construction permit for the landfill because the court incorrectly declared and applied the law. In Point II, it claims that the circuit court erred in upholding the Department's decision to issue the construction permit for the landfill because the court's decision was not supported by substantial and competent evidence, and was against the weight of the evidence.

We dismiss for failure to comply with Rule 84.04.[4]

### Facts

On July 31, 1997, Prairie Valley, as an operator, and Swinger, as an owner, applied to the Department for a permit to construct the landfill on land located approximately three miles north of Interstate 44, along State Highway 19, in Crawford County, Missouri. Prior to submitting its application, Prairie Valley and Swinger, pursuant to § 260.205 and 10 CSR 80–2.015, applied for and received from the Division of Geology and Land Survey (DGLS) of the Department: (1) preliminary approval of the landfill site in late 1995 or early 1996; and (2) approval in February 1997 of their "detailed site investigation and characterization report."[5] In reviewing and ultimately approving the applicant's report, the DGLS applied state regulations, which did not go into effect until July 30, 1997.

On August 1, 1997, the appellant, a Missouri not-for-profit corporation, comprised of residents of Crawford County, some of whom resided next to the landfill site, and "existing for the dedicated purpose of promoting, preserving and protecting the environment" in and around Crawford County, filed a petition in the circuit court of Cole County for declaratory judgment and injunctive relief against the Department and its acting director, David Schorr. The appellant claimed that, in approving the applicants' detailed site investigation and characterization report in February 1997, the Department applied state regulations which were not in effect at the time. It asked the court for a declaration as to the validity and application of the state regulations and also asked it to enjoin the Department from reviewing the applicants' application for a construction permit.

On September 4, 1997, the respondents filed a motion and suggestions in support

---

**4.** All rule references are to the Missouri Rules of Civil Procedure (2001), unless otherwise indicated.

**5.** Section 260.205 of Missouri's Solid Waste Management Law provides, in pertinent part:
  1. ... On and after January 1, 1996, it shall be unlawful for any person to construct a solid waste processing facility or solid waste disposal area without first obtaining a construction permit from the department pursuant to this section....
  2. On and after January 1, 1996, no person or operator may apply for or obtain a permit to construct a solid waste disposal area unless the person has requested the department to conduct a preliminary site

investigation and obtained preliminary approval from the department....
  3. On and after January 1, 1996, no person may apply for or obtain a permit to construct a solid waste disposal area *unless the person has submitted to the department a plan for conducting a detailed surface and subsurface geologic and hydrologic investigation and has obtained geologic and hydrologic site approval from the department* ....
  (Emphasis added.) 10 CSR 80–2.015, promulgated by the Department, "describes the steps required to characterize the geologic and hydrologic conditions at a proposed solid waste disposal area prior to submittal of a construction permit application."

thereof to dismiss the appellant's petition for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. On January 6, 1998, the appellant filed its suggestions in opposition to the respondents' motion to dismiss.

On October 16, 1998, after receiving written public comments and conducting a public hearing on the subject of the construction of the landfill, the Department approved the applicants' application and issued Construction Permit No. 105502 to Swinger.[6] Thereafter, on May 5, 1999, the appellant filed its first amended petition for declaratory judgment and injunctive relief. Despite the fact that the construction permit had already been issued, the appellant, for some unexplained reason, did not request the trial court to review the issuance of the permit, but rather sought:

> a declaration regarding the validity and application of 10 C.S.R. 80 et seq. and challenging the actions of [the Department] and David Schorr ... with respect to the proposed [landfill], in granting preliminary site approval, approving the ... Detailed Site Investigation, and in allowing [Prairie Valley] to prepare and submit a construction permit application for the proposed [landfill], in violation of the applicable statutes, rules, regulations, and accepted scientific principles existing for the permitting of a site as a solid waste disposal area.

And, even though the construction permit had already been issued, the appellant also sought to enjoin the Department from issuing it. Despite this apparent confusion in the appellant's pleadings, the case was heard on September 2 and 3, and was treated as one for judicial review, pursuant to § 536.150, RSMo 2000, of the Department's issuance of the construction permit.

At trial, both parties presented expert testimony as to the suitability of the site for the landfill. After hearing evidence, the trial court took the case under advisement, giving the parties an opportunity to submit post-trial briefs. On November 30, 1999, the trial court entered its judgment "dismissing" the appellant's petition. On December 29, 1999, the appellant filed a motion to modify and/or amend the trial court's judgment, which the court denied on March 27, 2000.

This appeal follows.

## I.

In Point I, the appellant claims that "[t]he circuit court erred in upholding [the Department's] decision to issue a permit to applicant because the circuit court incorrectly declared and applied the law by applying state regulations that were not in effect." Because the appellant's point relied on and its argument thereon do not sufficiently comply with Rule 84.04, setting forth the briefing requirements on appeal, the appellant's claim of error in this point is not properly preserved for our review.

■ Rule 84.04(d)(1) provides:

> Where the appellate court reviews the decision of a trial court, each point shall:
>
> (A) identify the trial court ruling or action that the appellant challenges;
>
> (B) state concisely the legal reasons for the appellant's claim of reversible error; and
>
> (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

---

**6.** Although the application for the construction permit indicated that Prairie Valley was applying as an "operator" and Swinger as an "owner" of the landfill, the letter issued by the Department approving the construction permit stated that the construction permit would be "issued to Swinger Trucking, Inc." The letter did not make any reference to Prairie Valley.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Thus, the rule requires that each point relied on:

(1) identify the trial court's ruling or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

*Franklin v. Ventura,* 32 S.W.3d 801, 803 (Mo.App.2000) (citation omitted). The purpose of the rule is "to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Id.*

■ While the appellant in its point relied on does identify the ruling it is challenging and in general terms the legal reasons for the claim of reversible error, it fails to sufficiently "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error," as required by Rule 84.04(d)(1)(C). Thus, it is nothing more than an abstract statement of law, which fails to satisfy the requirements of the rule as to a proper point relied on. Rule 84.04(d)(4). A point relied on which does not state why the legal reasons support the claim of reversible error, but instead sets out an abstract statement of law, is deficient and preserves nothing for appeal. Rule 84.04(d)(4); *Jennewein v. Puricelli,* 988 S.W.2d 643, 644 (Mo.App.1999) (citation omitted).

■ It is well-settled that:

[c]ompliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or [its] opponent understood.

*Myrick v. E. Broad., Inc.,* 970 S.W.2d 885, 886 (Mo.App.1998) (citations omitted). It is not our duty to scour the record on appeal in order to ascertain the appellant's claim of error. *Hall v. Mo. Bd. of Prob. & Parole,* 10 S.W.3d 540, 545 (Mo.App.1999).

■ The appellant's argument of its point relied on also violates Rule 84.04(d)(5) in that it cites no legal authorities upon which its argument rests and offers no explanation as to why none were available. Rule 84.04(d)(5) provides, in pertinent part: "[i]mmediately following each 'Point Relied On,' the appellant ... shall include a list of cases ... or other authority upon which that party principally relies." Because the appellant cites no authorities and offers no explanation as to why none were available, we consider its point waived or abandoned on appeal. *Olson v. Christian County,* 952 S.W.2d 736, 741–42 (Mo.App.1997) (citations omitted).

II.

In Point II, the appellant claims that "[t]he circuit court erred in upholding [the Department's] decision to issue a permit to applicant because the circuit court's decision was not supported by substantial evidence and was against the weight of the

evidence presented at trial in that [the respondent's] approval of applicant's application was arbitrary and capricious." Like the appellant's first point relied on, Point II also fails to comply with Rule 84.04(d)(1). Although the appellant does identify the ruling it is challenging, and the legal reasons for the claim of reversible error, it again fails to "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error," as required by Rule 84.04(d)(1)(C). Instead, the appellant merely states that the respondent's "approval of applicant's application was arbitrary and capricious," which is nothing more than an abstract statement of the law, which does not comply with Rule 84.04(d) as to a proper point relied on. Rule 84.04(d)(4); *Jennewein*, 988 S.W.2d at 644.

As discussed, *supra*, compliance with Rule 84.04 is mandatory in order to ensure that a reviewing court does not become an advocate for a party on appeal by scouring the record for facts which would substantiate a deficient point relied on. *Hall*, 10 S.W.3d at 544–45. Here, if we attempt to interpret the appellant's point as stated, we will be forced to act as an advocate for it, which we cannot do. *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 218 (Mo.App.1999) (citations omitted). Thus, the appellant's point relied on in Point II preserves nothing for appellate review. *Hall*, 10 S.W.3d at 544.

### Conclusion

The appellant's appeal is dismissed for failure to substantially comply with Rule 84.04. *Franklin*, 32 S.W.3d at 804.

SMART and HOWARD, JJ., concur.