

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2006

# Kittle v. Kittle

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1890

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kittle v. Kittle" (2006). *2006 Decisions*. Paper 462.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/462

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1890
_____

STEVEN G. KITTLE,
Appellee,

v.

NETTIE JACKSON KITTLE,
Appellant.
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-01141)
District Judge: Honorable William J. Nealon
_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2006

BEFORE: SLOVITER, SMITH and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed:  September 13, 2006)

_____

OPINION
_____

PER CURIAM

　　Nettie J. Kittle, acting pro se, appeals from an order of summary judgment in favor

of Steven G. Kittle in his action under 23 Pa. C.S.A. § 3705 to enforce a judgment of a

Missouri state court effecting an equitable division of property between the former

spouses. She also appeals from the District Court's denial of her motion to seal the record. For the reasons stated below, we will affirm the orders of the District Court.

The facts relevant to this appeal are as follows. The parties were married in 1981 and had a child in 1982. They were separated in 1992. During the marriage, both parties resided in Missouri. After the separation, Ms. Kittle moved to Pennsylvania, while Mr. Kittle remained in Missouri. Divorce proceedings were commenced in the Circuit Court of Greene County, Missouri, which granted a divorce in 1994. In 1998, the Greene County court conducted a hearing in order to determine the equitable division of property between the former spouses. Both parties appeared and were represented by counsel at the hearing. The Greene County court issued a statement of findings and recommendations regarding the distribution of marital property, which was adopted and issued as the final judgment on April 15, 1999. In re Kittle, No. 192DR2965, at 7–8 (Mo. Cir. Ct. Apr. 15, 1999).

As part of that judgment, the court held that two parcels of improved real estate located in Scranton, Pennsylvania ("Scranton properties"), which were bequeathed to Mr. Kittle by his mother, were non-marital property belonging solely to Mr. Kittle. The two parcels are located in Scranton at 2045 Edna Avenue and 1310 Amherst Avenue. Ms. Kittle currently resides at the Amherst Avenue property.

The Greene County court also found that Ms. Kittle had seized a deed to the real estate from Mr. Kittle's residence and fraudulently added her name. Accordingly, the court ordered Ms. Kittle to surrender any and all deeds to the properties in her possession

2

and any other relevant documents. The court specifically transferred all issues related to custody and visitation of the couple's child to Pennsylvania courts. The judgment was affirmed by the Missouri Court of Appeals on September 15, 2000. Kittle v. Kittle, 31 S.W.2d 127 (Mo. Ct. App. 2000).

Mr. Kittle filed a petition to enforce the Missouri decree of distribution of marital property under 23 Pa. C.S.A. § 3705 on June 2, 2003, in the Pennsylvania Court of Common Pleas in Lackawanna County, seeking to quiet title to the properties and such relief as the court thought necessary to enforce the judgment. Ms. Kittle, a citizen of Pennsylvania, removed the action to federal court under 28 U.S.C. § 1441, based on diversity of citizenship, as Mr. Kittle remains a citizen of Missouri. On January 3, 2005, the District Court for the Middle District of Pennsylvania granted Mr. Kittle's motion for summary judgment, finding that the issues Ms. Kittle sought to litigate had already been fully litigated and decided by the Missouri state court, whose judgment was entitled to full faith and credit. The District Court denied Ms. Kittle's post-judgment motion to reconsider on February 15, 2005.

Pursuant to several motions by Ms. Kittle, the District Court also ordered that social security numbers of the parties and their son be redacted from the state court record filed as part of Mr. Kittle's petition, although the court declined to seal the record. Ms. Kittle also appeals the District Court's denial of her motion to seal the record.[1]

---

[1]We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's grant of summary judgment. See Tomasso v. Boeing Co., 445 F.3d 702, 705 n.3 (3d Cir. 2006). We review an order granting summary judgment de novo, viewing

3

Although her precise arguments are often difficult to discern from her brief, the essence of Ms. Kittle's appeal can be summarized as follows. Ms. Kittle appears to allege that the District Court erred in granting summary judgment to Mr. Kittle because the Missouri state court did not have jurisdiction to determine title to real property located in Pennsylvania, and because a Pennsylvania court had already decided the issues in her favor in a different action. She also alleges various defects in Mr. Kittle's suit, for example, that she was not properly served and that Mr. Kittle did not properly submit the docket sheets from the Missouri state court action with his petition, as required by Pennsylvania law. We will consider each of these arguments in turn below.

Mr. Kittle began this action by filing a petition to enforce a foreign judgment under 23 Pa. C.S.A. § 3705. Section 3705 provides:

> Whenever a person subject to a valid decree of a sister state . . . for the distribution of marital property . . . or the property of that person is found within this Commonwealth, the obligee of the decree may petition the court where the obligor or the property of the obligor is found to register, adopt as its own and enforce the decree as a properly issued and authenticated decree of a sister state . . . . Upon registration and adoption, such relief and process for enforcement as is provided or prescribed by law in similar cases originally commenced in this Commonwealth shall be available.

We first consider Ms. Kittle's argument that the District Court should not have enforced the Missouri judgment because the Missouri court did not have jurisdiction to

the evidence in the light most favorable to the non-moving party, in this case, Ms. Kittle. Id. We also have jurisdiction under § 1291 to review the District Court's order denying the motion to seal the record. See In re Newark Morning Ledger Co., 260 F.3d 217, 220 (3d Cir. 2001).

4

rule on title to real property located within Pennsylvania. Ms. Kittle does not contend that the Missouri court lacked personal jurisdiction over her during the divorce proceedings, and the record demonstrates that a full hearing was held at which both parties appeared with counsel. Rather, Ms. Kittle argues that the Missouri court lacked jurisdiction to affect title to land within Pennsylvania. But by holding that the Scranton properties were non-marital property not subject to equitable distribution between the spouses, the Missouri court did not order any transfer of title. See generally Fall v. Eastin, 215 U.S. 1, 14 (1909). Rather, the Missouri court was acting pursuant to its personal jurisdiction over Ms. Kittle, who, having submitted herself to that jurisdiction, "cannot now be heard to question the validity of the decree which is now the product of [her] efforts." Hall v. Hall, 33 Pa. D. & C.3d 38, 43 (Pa. Ct. Com. Pl. 1983). Nor was the Missouri court ruling on issues that it had reserved for final resolution by the Pennsylvania courts. See Coleman v. Coleman, 522 A.2d 1115, 1120–22 (Pa. Super. Ct. 1987) (Nevada divorce decree that resolved some economic issues between the parties but specifically reserved without prejudice wife's right to pursue economic claims incident to divorce in Pennsylvania court did not preclude Pennsylvania courts hearing her economic claims because "the parties and the court did not intend that the Nevada decree would fully resolve the economic issues").

The Full Faith and Credit Clause requires state courts to recognize the decisions of other state courts as long as the issuing court had jurisdiction and the objecting party had notice and an opportunity to be heard. U.S. Const. art. IV, § 1; Keating v. Keating, 855

A.2d 80, 84-85 (Pa. Super. Ct. 2004) (divorce decree granted in Guam was invalid as against wife residing in Pennsylvania because she had been given no notice or opportunity to be heard in the action). Even if the Missouri decree were read to require transfer of title to Mr. Kittle, Pennsylvania law specifically provides for the enforcement of foreign decrees of equitable distribution that dispose of property found within Pennsylvania. See 23 Pa. C.S.A. § 3705(a). Accordingly, the decree of the Missouri court is entitled to full faith and credit in Pennsylvania.

The District Court did not err in granting summary judgment to Mr. Kittle and issuing a declaratory judgment that the Scranton properties were the "sole and exclusive property of the Plaintiff, Steven Kittle." The Missouri court found that Mr. Kittle had inherited the properties from his mother, excluding them from the category of "marital property," and that Ms. Kittle had fraudulently added her name to the deed. The court accordingly ordered her to surrender that deed and any other papers relevant to the properties to Mr. Kittle. Enforcement of the Missouri judgment required recognition that Mr. Kittle was the sole owner of, and should possess sole title to, the Scranton properties.

Ms. Kittle next alleges that the District Court erred in granting summary judgment because that ruling was in conflict with the ruling of another Pennsylvania court in the action pursued by the parties to resolve issues of custody and visitation rights regarding their child. Ms. Kittle does not appear to have raised this issue in the District Court. We may exercise our discretion to consider an issue that is waived, however, where resolution of the issue is of public importance. See Bagot v. Ashcroft, 398 F.3d 252, 256 (3d Cir.

6

2005). Avoiding conflicting rulings from state and federal courts is a matter of public importance because of the very issues of constitutional law and federalism at issue in this case – namely, the importance to our federal system that federal and state courts alike recognize judgments of other courts rendered with proper jurisdiction. See, e.g., U.S. Const. art. IV, § 1; 28 U.S.C. § 1738; Del. River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 572–73 (3d Cir. 2002).

We do not have to look far to resolve this dilemma because Ms. Kittle has the burden to demonstrate that a prior judgment of the Pennsylvania court during the proceedings to determine child support and custody issues would conflict with the District Court's ruling in this case. Choi v. Kim, 50 F.3d 244, 250 (3d Cir. 1995) (Lewis, J., concurring); Fed. R. Civ. P. 8(c) (res judicata is an affirmative defense). Ms. Kittle has not met that burden because she has not provided copies of any judgment or even specified in detail what the allegedly conflicting ruling contains. Accordingly, we do not further consider this argument.

Finally, Ms. Kittle alleges that she was not properly served with the original petition and that Mr. Kittle was required to file a certified copy of the docket sheets from the Missouri actions and did not do so. Ms. Kittle does not appear to have raised the issue of defective service until Mr. Kittle filed for summary judgment, after she had filed several motions in the District Court. Accordingly, the issue is waived. See O'Donnell v. McDonough, 895 A.2d 45, 48 (Pa. Super. Ct. 2006) (noting that objections to defective service must be raised in initial objections or be waived); Fed. R. Civ. P. 12(b). Further,

7

Mr. Kittle was not required to file docket sheets for the Missouri action because he filed his petition to enforce the Missouri judgment under 23 Pa. C.S.A. § 3705(a), which applies only to enforcement of foreign judgments regarding equitable distribution of marital property, alimony, and which requires only the filing of a properly authenticated copy of the foreign judgment. The requirements of 42 Pa. C.S.A. § 4306, which requires that docket sheets be filed with the judgment, are not applicable to actions under § 3705.

We also reject Ms. Kittle's argument that the District Court erred in denying her motion to seal the record. Whether to order sealing of the record is a decision within the discretion of the District Court, but there are important constitutional issues involved that require a broader scope of review than normally applied to discretionary decisions. See In re Cendant Corp., 260 F.3d 183, 197 (3d Cir. 2001). In response to Ms. Kittle's multiple motions to seal, the District Court ordered that the social security numbers of the parties and their son be deleted from the record. This resolution protected Ms. Kittle's privacy rights while not interfering with the common law and First Amendment rights of access to court documents. See id. at 194 (holding that the burden is on the party seeking closure to overcome the "strong common law presumption of access" by demonstrating that information is of the type courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure). Accordingly, the District Court did not abuse its discretion by denying Ms. Kittle's motions to seal.

For the foregoing reasons, we will affirm the District Court's orders granting summary judgment in favor of Mr. Kittle and denying the motion to seal the record.

8